## DUNCAN v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. January 4, 1927.)

No. 4673.

Criminal law ⬤➔1036(8)—Question of sufficiency of proof, not raised below, is not before appellate court.

Objections to sufficiency of proofs not raised in trial court, cannot be considered by appellate court.

In Error to the District Court of the United States for the Middle District of Tennessee; Harry B. Anderson, Judge.

Criminal prosecution by the United States against Frank Duncan. Judgment of conviction, and defendant brings error. Affirmed.

Wm. P. Smith, Thomas & Cummings and W. C. Cherry, all of Nashville, Tenn., for plaintiff in error.

A. V. McLane, U. S. Atty., and W. H. Lindsey, Asst. U. S. Atty., both of Nashville, Tenn.

Before DENISON and MOORMAN, Circuit Judges, and GORE, District Judge.

PER CURIAM. Prosecution under the Harrison Anti-Narcotic Act, 38 Stat. 785, as amended February 24, 1919 (Compiled Statutes, § 6287g et seq.).

Whether the objection to evidence because of an insufficient search warrant was properly made and preserved for review, and whether a verdict of guilty would not have been inevitable even without the evidence seized on the warrant, are questions which need not be decided. The search warrant of September 22, which was the one used, was good. It is fairly to be inferred, though not expressly recited, that the warrant was based on the affidavit of C. W. Fuller, who appeared before the officer issuing the warrant and stated, on oath of his own knowledge, facts which justified the issue. A copy of this affidavit

*Rehearing denied February 10, 1927.

was attached to the warrant. Whether there was a further affidavit by the narcotic agent is immaterial.

Duncan was charged in the first three counts with selling narcotics without having registered and paid a dealer's tax (section 1, as amended February 24, 1919), and in counts 4 and 5 with making sales to a person who had no order form (section 2). Counts 1, 2, and 3 were dismissed; he was convicted on 4 and 5. The point now made, that there was no proof that the purchaser had no order form, even if it is not covered by the established rule that the exceptions of this statute need not be negatived by the prosecution, was not made below, and cannot be considered now. The point actually made was that there was no proof that Duncan had not registered and paid; but this pertained to counts 1, 2, and 3.

The judgment is affirmed. Mandate forthwith.